STATE OF NORTH CAROLINA,
v.
CHRISTOPHER DENNIE ELLERBE.
No. COA09-729.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General LaToya Powell, for the State.
Glover & Petersen, P.A., by James Glover, for Defendant.
BEASLEY, Judge.
Defendant appeals from several convictions arising from a stand-off with law enforcement officials in Mecklenburg County, North Carolina. For the reasons stated herein, we conclude that there was no error.
The State's evidence tended to show that on the morning of 5 April 2006, law enforcement officials in South Carolina contacted the Charlotte-Mecklenburg Police Department requesting assistance to execute an arrest warrant against Defendant, Christopher Dennie Ellerbe. Law enforcement officials in Sumter believed that Defendant could be located at the home of his brother, Ricky Ellerbe, in Charlotte, North Carolina. Officers with the Violent Criminal Apprehension Team and the United States Marshall's office proceeded to Ricky Ellerbe's residence to locate the Defendant.
While conducting surveillance of Ricky Ellerbe's residence, officers observed Ricky Ellerbe and his sister, Veronica Nelson, emerge from the home. Officers made contact with Ricky Ellerbe and Veronica Nelson, informing the pair of Defendant's warrant. After a brief conversation, Ricky Ellerbe confirmed that Defendant was inside the residence, denied that any weapons were present, and reluctantly allowed officers to enter his home.
After several unsuccessful attempts to gain entry, Ricky Ellerbe directed officers to an entrance located at the rear of the home. Several officers positioned themselves at the rear entry of the home and prepared to enter. Meanwhile Officer Hazrati positioned himself in a garage connected to the residence to limit the possibility of Defendant's escape.
Using a set of keys provided by Ricky Ellerbe, the officers located at the rear entrance of the home entered. When officers called out to the Defendant, Defendant fired shots upon the officers. The officers retreated from the rear entrance and took cover at the back of the residence. Hearing the gunshots from the garage, Officer Hazrati attempted to kick down the door. After several kicks, Officer Hazrati's foot went through the door. When bending down to push the door open with his shoulder, Officer Hazrati was shot in the head by Defendant. Hearing the gunshots, several officers returned to the garage, removed the unconscious and bleeding Officer Hazrati, and transported him to the hospital.
Following the shooting of Officer Hazrati, members of the SWAT Team and a crisis negotiator arrived at the location. After approximately six hours of negotiation, police officers released tear gas into the residence and Defendant agreed to exit the home. However, ignoring commands from several officers, Defendant charged out of the house firing his gun. Officers shot Defendant as he ran toward them. However, before he was shot, Defendant fired a shot striking a second officer. The bullet fired from Defendant's gun was deflected by the officer's helmet and caused no serious injury.
On 8 May 2006, a Mecklenburg County grand jury indicted Defendant with two counts of attempted first-degree murder, two counts of assault with a firearm on a law enforcement officer, one count of assault with a deadly weapon with intent to kill inflicting serious bodily injury, one count of assault with a deadly weapon with intent to kill, and one count of possession of a firearm by a felon. Following a motion by Defendant, the trial court discharged Defendant's appointed counsel and allowed him to represent himself at trial. On 8 January 2008, the State gave notice of its intent to prove several aggravating factors. After a trial, the jury found Defendant guilty of all the charges for which he was indicted. Later, the jury determined that the State had proven all the aggravating factors beyond a reasonable doubt. Following the jury's findings, the trial court determined which aggravating factors were applicable to each offense.
On appeal Defendant argues that the trial court erred by (I) failing to allow jurors to determine which aggravating factor applied to each offense; and (II) violating Defendant's constitutional Double Jeopardy protections.

I.
Defendant first argues that "[w]hen the trial court determined which of the aggravating factors would pertain to each of the crimes for which Defendant Ellerbe was found convicted, it deprived Defendant Ellerbe of his constitutional right to have this determination made by [the] jury." We disagree.
As a preliminary matter, we note that because the Defendant did not raise an objection to the trial court's jury instructions at trial, we review this issue for plain error. See State v. Graham, 186 N.C. App. 182, 185, 650 S.E.2d 639, 643 (2007). For sentencing purposes, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000). "[T]he relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely v. Washington, 542 U.S. 296, 303-04, 159 L. Ed. 2d 403, 413-14 (2004). Therefore, "trial [court] judges may not enhance criminal sentences beyond the statutory maximum absent a jury finding of the alleged aggravating factors beyond a reasonable doubt." State v. Blackwell, 361 N.C. 41, 45, 638 S.E.2d 452, 455 (2006).
While providing limitations for judicial discretion in aggravated sentencing, the Apprendi and Blakley decisions did not render all judicial discretion unconstitutional. See Graham, 186 N.C. App. at 186, 650 S.E.2d at 643 ("Blakely expressly declined to declare judicial discretion in sentencing to be unconstitutional; it `limit[ed] judicial power only to the extent that the claimed judicial power infringes on the province of the jury' to find facts essential to the defendant's punishment").
Here, jurors made the appropriate factual findings, permitting the trial court to sentence Defendant to an appropriate punishment, to include the aggravated range of the crimes for which Defendant was convicted. The trial court submitted the following aggravating factors to the jury: 1) that the offense was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody; 2) that the offense was committed against or proximately caused serious injury to a present or former law enforcement officer while engaged in the performance of that person's official duties or because of the exercise of that person's official duties; and 3) that the serious injury inflicted upon the victim is permanent and debilitating. After deliberations, the jury found the occurrence of all the aggravating factors beyond a reasonable doubt. Following the findings by the jury, the trial court concluded as a matter of law, which aggravating factors were inapplicable to the offenses for which Defendant was charged.
The trial court's application of the aggravating factors did not infringe upon the fact-finding duty of the jury. The jury appropriately determined the presence of several aggravating factors. Once the jury's factual determinations were made, the trial court was not required to make additional findings of fact to sentence Defendant in the aggravated range. The Apprendi and Blakely decisions reserve a finding of alleged aggravating factors for the jury. However, once this finding is made, trial courts are permitted to exercise discretionary sentencing. The trial court's application of the aggravating factors to each offense did not violate Defendant's constitutional rights.
Accordingly, we hold that the trial court did not commit error in determining which statutory aggravating factors applied to each particular offense.

II.
Defendant next argues that the trial court erred by giving him consecutive sentences in the aggravated range for the two assault charges in which Officer Hazrati was the victim violated his constitutional protection against double jeopardy. However, because Defendant did not raise this issue at trial, our Court will not consider this issue for the first time appeal. See State v. Rope, 130 N.C. App. 356, 362 503 S.E.2d 118, 123 (1998) (Court holds that defendants cannot raise double jeopardy claim for the first time on appeal).
Accordingly, because Defendant's double jeopardy argument was not preserved for appellate review, Defendant's assignment of error is waived.
No Error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).